UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH RONALD PLIEGO II,

    Plaintiff,

v.                                              Case No. 8:23-cv-92-TPB-CPT

JARED E. SMITH,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This matter is before the Court on "Defendant Judge Jared E. Smith's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law," filed by counsel on May 3, 2023. (Doc. 16). On May 23, 2023, Plaintiff Joseph Ronald Pliego II filed a response in opposition.[1] (Doc. 17). After reviewing the amended complaint, motion, response, court file, and the record, the Court finds as follows:

Plaintiff filed this suit against a state court judge based on adverse decisions in his own divorce case, asserting what purports to be a claim for deprivation of constitutional rights under 42 U.S.C. § 1983 (Count I), and two claims based on

---

[1] The Court notes that the response in opposition exceeds the 20-page limit. *See* Local Rule 3.01(b). In the interest of judicial economy, the Court considers the response despite this violation.

alleged violations of judicial canons (Counts II and III). The amended complaint appears to take issue with (1) the fact that Judge Smith utilized the Florida Thirteenth Judicial Circuit's Judicial Automated Workflow System, also known as "JAWS" to enter orders instead of the Florida E-Portal, and (2) he declined to disqualify himself as the presiding judge in Plaintiff's divorce case.[2] As a result, Plaintiff argues that his fundamental rights guaranteed by the Fourteenth Amendment were violated, including "Due Process of Law, of Life Liberty and the Pursuit of Happiness." *See* (Doc. 12).

***Absolute Judicial Immunity***

Judge Smith is a judicial officer who has been sued for his acts in his role as a judge. He enjoys absolute judicial immunity from all acts taken in his judicial capacity. *See, e.g., McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329 (11th Cir. May 20, 2020); *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). The scope of judicial immunity is to be construed broadly, and applies even when the judge acts in error, maliciously, or in excess of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge is only subject to liability in the clear absence of all jurisdiction. *Id.* at 356-57.

That is definitely not the case here. Judge Smith clearly had jurisdiction over the divorce case giving rise to Plaintiff's complaint. The claims against Judge

---

[2] Plaintiff appealed the final judgment in his state court divorce case, including Judge Smith's denial of the motion to disqualify. Plaintiff lost that appeal. *See Pliego v. Pliego*, 2D21-3528 (Fla. 2d DCA Oct. 12, 2022).

Smith are dismissed with prejudice based on his absolute judicial immunity.[3] Because the amended complaint in this case is patently frivolous and any amendment would be futile, the case is dismissed without leave to amend.

***Rooker-Feldman Doctrine***

To the extent Plaintiff seeks review of a state court judgment, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia,* 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)). The Eleventh Circuit has explained that the *Rooker-Feldman* doctrine "applies only when litigants try to appeal state court losses in the lower federal courts." *Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021). Although the parties are not identical in the family law action and the instant case, Plaintiff appears to be seeking review and reversal of the state court judgment(s)

---

[3] The Court notes that in the response in opposition, Plaintiff appears to argue that Judge Smith lacked subject matter jurisdiction over Plaintiff's divorce case (and could therefore not alter a timesharing custody agreement) because a motion for a temporary injunction in another case was not pursued by Plaintiff's wife and was therefore subsequently denied by a different judge in a different division. This argument is nonsensical, and the actions of a different judge in a different division regarding an injunction would not deprive Judge Smith of jurisdiction over the divorce case.

against him.  To the extent that he seeks to essentially appeal his state court losses, the Court lacks jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Judge Jared E. Smith's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law" (Doc. 16) is **GRANTED**.

(2) Plaintiff's amended complaint (Doc. 12) is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of June, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**